**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-11229**
**Summary Calendar**
_____

**FREDRICK RANSON,**

**Plaintiff-Appellant,**

**versus**

**TRAVIS McPHERSON, ET AL.,**

**Defendants,**

**TRAVIS McPHERSON; DICKENS DETENTION CENTER,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(5:95-CV-182)**
_____

**June 10, 1997**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Fredrick Ranson, # 705952, appeals an adverse summary judgment in his 42 U.S.C. § 1983 civil rights action.  He contends first that he was denied due process by being placed in administrative segregation without a hearing; and second, that the defendants were

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

deliberately indifferent and failed to protect him from assault by another inmate.

"[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1690 (1996); *see also* *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (absent extraordinary circumstances, continued confinement in administrative segregation does not violate the Due Process Clause).

Ranson makes only conclusionary allegations and does not point to any summary judgment evidence which creates a material fact issue as to whether Warden McPherson was deliberately indifferent to his need for protection from a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

And, the detention center and McPherson in his official capacity are not persons under § 1983. *See* *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Finally, we exercise our discretion not to consider Ranson's due process claim arising out of the assessment of his medical bills from his trust-fund account because it is raised for the first time on appeal. *E.g.*, *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1266 (1995).

- 2 -